IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

NO. 05-12989-B

IN RE: KARENAZO KENSHAUN MILLER,

Petitioner.

Application for Leave to file a Second or Successive
Motion to Vacate, Set Aside,
or Correct Sentence, 28 U.S.C. § 2255

Before TJOFLAT, ANDERSON, and DUBINA, Circuit Judges.

BY THE PANEL:

Pursuant to 28 U.S.C. §§ 2255 and 2244(b)(3)(A), as amended by §§ 105 and 106 of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Karenazo Kenshaun Miller has filed an application seeking an order authorizing the district court to consider a second or successive motion to vacate, set aside, or correct his federal sentence, 28 U.S.C. § 2255. Such an application is necessary only if Miller has filed a previous § 2255 motion to vacate.

In his application, Miller indicates that he filed in the Eastern District of North Carolina a "motion to vacate" challenging the "legality of his confinement." Miller in fact filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The district court there noted that Miller's sentence was imposed in the Southern District of Georgia and that he was attacking the legality of his conviction and sentence. The court found that Miller should have sought relief under § 2255 instead and that § 2255 relief was not rendered inadequate or ineffective merely because Miller was

procedurally barred from obtaining such relief. The court thus dismissed the petition as "improperly brought pursuant to 28 U.S.C. § 2241."

The § 2241 petition Miller filed in the Eastern District of North Carolina is not a previous § 2255 motion to vacate for purposes of seeking leave to file a successive motion to vacate. See Medberry v. Crosby, 351 F.3d 1049, 1056 (11th Cir. 2003) (explaining that § 2255 "provided a new statutory motion by which federal prisoners could seek post-conviction relief, separate and apart from an application for a writ of habeas corpus"). Moreover, because he was convicted and sentenced in the Southern District of Georgia, the district court for the Eastern District of North Carolina could not, and, in fact, did not construe Miller's § 2241 petition as a § 2255 motion. See 28 U.S.C. § 2255 ("A prisoner . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence."); Medberry, 351 F.3d at 1057 (stating that § 2255 directed prisoners "to file the motion in the court where they were convicted and before the judge who sentenced them"). Finally, Miller has not filed a § 2255 motion in the Southern District of Georgia.

Because Miller has not filed a previous § 2255 motion, Miller does not require an order from us authorizing the district court to consider a second or successive § 2255 motion. Accordingly, Miller's request for authorization to proceed is DENIED AS UNNECESSARY.